UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELVIN GENAO, Plaintiff, -against- NIKITA GEORGIADES; NEW YORK POLICE DEPARTMENT, Defendants. | 19-CV-0082 (CM) ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action, alleging that the New York City Police Department (NYPD) failed to investigate a crime. By order dated March 15, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses the complaint for failure to state a claim.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff's allegations arise out of an alleged hack of his computer, which he reported to the NYPD, but the NYPD failed to investigate.

The following facts are taken from the complaint: some time in 2016-2017, Plaintiff hired a computer technician to replace his computer's mother board. After the technician returned Plaintiff's repaired computer, Plaintiff learned that one of the computer's drivers was missing. Plaintiff believes that the technician hacked his computer and took "all of [his] intellectual property lyrics, songs, [and] instrumentals." (Compl. at 9.)

Plaintiff complained to the NYPD, which failed to respond to his complaints. Plaintiff assumes that "these computer tech guys are allowed to do [the hack], for informant purposes, but no arrest ever occur[red]." (*Id.*) Also, "they reported [Plaintiff] for fraud, but no evidence was found." (*Id.*) The NYPD "personally came into [his] apartment with no warrant, to look through [his] computer while [he] was not there." Plaintiff "believe[s] this is directly coming from this computer tech guy who reported [him] for malicious reasons, and nothing was ever found, but intellectual property is definitely missing." (*Id.*)

Plaintiff now brings this lawsuit because his "computer is compromised perm[a]nently and the value of [his] lyrics are in the millions of dollars once put in song form and is immediately sold to a record lab[el] and abroad." (*Id.*)

**DISCUSSION**

Because Plaintiff invokes the Court's federal question jurisdiction, the Court considers whether he states a claim under the Due Process Clause of the Fourteenth Amendment against the NYPD. The Due Process Clause has been interpreted as "a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago Cnty. Department of Social Servs.*, 489 U.S. 189, 195 (1989). Thus, the NYPD does not have a

"duty under the Fourteenth Amendment to protect an individual against harm from other private citizens." *Id.* at 195-96 (1989); *see also Lewis v. New York City Police Dep't*, No. 99-CV-952 (RWS), 2000 WL 16955, *4 (S.D.N.Y. Jan. 10, 2000) ("There is no constitutional right to force an officer to make an arrest."). Moreover, there is no constitutional "right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196. Thus, Plaintiff's assertion that the NYPD failed to respond to his complaints does not state a due process claim under the Constitution. The Court therefore dismisses the complaint for failure to state a claim.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting against Defendant Nikita Georgiades, the computer technician.[1] *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

---

[1] The Court does not have federal question jurisdiction over any claims Plaintiff seeks to bring against the computer technician, as these claims do not concern a federal law. *See* 28 U.S.C. § 1331. The Court also does not have diversity of citizenship jurisdiction over such claims, as the parties are both New York residents. *See* 28 U.S.C. § 1332.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 2, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge